UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-60756-WPD

CRIMPIT GROUP LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, CRIMPIT GROUP LTD. ("Plaintiff" or "CRIMPIT"), by and through undersigned counsel, hereby responds to this Court's July 18, 2025, Order to Show Cause for Failure to Comply with Rule 4(m) of the Federal Rules of Civil Procedure (the "Order") [DE 12], and states as follows:

1. On April 22, 2025, the Court entered a Sealed Order authorizing alternative service of process on Defendants via email and website publication ("Order Granting Alternate Service") [DE 9].

2. On April 23, 2025, Plaintiff filed an *Ex Parte* Application for Entry of Temporary Restraining Order ("Application for TRO") [DE 10], which is currently pending before the Court.

3. Although Plaintiff prepared a word version of the proposed order that was filed as an attachment to its Application for TRO ("Proposed Order"), upon reviewing its records, Plaintiff has learned that the email containing the Proposed Order was not properly transmitted to the Court's chambers in accordance with Section 3I(6) of the CM/ECF Administrative Procedures,

owing to a clerical error. Plaintiff has since taken corrective action, emailing the Proposed Order to the Court's chambers as of the filing of this Response.

4. As set forth in its Application for TRO, Plaintiff seeks expedited discovery from the third-party marketplaces and payment processors on which the Defendants operate ("Third Party Providers"), among other relief. Plaintiff relies on this provided contact information to properly serve Defendants via email, in addition to website posting, pursuant to the Order Granting Alternate Service.

5. Therefore, before Plaintiff can effectuate service of process on Defendants through the alternative means provided in the Order Granting Alternate Service, Plaintiff must first await a ruling from the Court on its Application for TRO, and, if granted, serve the TRO on the Third Party Providers so that they can provide the requested contact information Plaintiff needs to serve the Defendants.

6. Additionally, Plaintiff respectfully submits that, because the Defendants are believed to be foreign individuals or entities residing mainly in the People's Republic of China ("China"), the 90-day deadline to serve under Rule 4(m) of the Federal Rules of Civil Procedure does not apply. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)2, or 4(j)(1)...").

7. WHEREFORE, Plaintiffs respectfully request that the Court discharge the Order to Show Cause and allow Plaintiff additional time for service following the resolution of its pending Application for TRO as Plaintiff has demonstrated good cause for why the Defendants have not yet been served. Plaintiff will promptly serve the TRO, if issued, upon the Third Party Providers and then effectuate service of process on the Defendants once the Third Party Providers have

complied with the TRO by providing Plaintiff expedited discovery, among other relief requested thereto.

Dated: July 24, 2025

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

*/s/ Leigh Salomon*
Leigh Salomon (FL Bar No. 1054106)
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Tel: (305) 357-8450
lsalomon@bsfllp.com

*Attorney for Plaintiff CRIMPIT GROUP LTD.*