UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-60756-WPD

CRIMPIT GROUP LTD.,

    Plaintiff,

  v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

    Defendants.
_____/

**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR USING RULE 41(A)(1) TO ENGAGE IN IMPERMISSIBLE JUDGE-SHOPPING**

THIS CAUSE is before the Court *sua sponte*.

On March 10, 2025, attorney Leigh Salomon ("Salomon") on behalf of Plaintiff Crimpit Group Ltd. ("Plaintiff" or "Crimpit") filed a case against in the United States District Court for the Southern District of Florida, Miami Division, against The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A. This case was given Case No. 1:25-cv-21099 and was randomly assigned to Judge Rudolfo Ruiz. *See* Case no. 1:25-cv-21099-RAR at [DE 1] (March 10, 2025).

On March 12, 2025, Plaintiff filed a Motion to File Under Seal, seeking to seal Schedule A to Plaintiff's Complaint, which identifies the Defendants to the action. *See* Case no. 1:25-cv-21099-RAR at [DE 6] (March 10, 2025). Judge Ruiz granted the Motion, and Plaintiff filed under seal Schedule A, which listed 102 Defendants, from Doe. No. 1 Dongguan Charm Star Houseware&Gift Co., Ltd to Doe No. 102 Zcmowue. *See* Case no. 1:25-cv-21099-RAR at [DE's 7-9].

On April 8, 2025, Judge Ruiz *sua sponte* entered an Omnibus Order Regarding Schedule "A" Causes of Action. *See* Case no. 1:25-cv-21099-RAR at [DE 10] (April 8, 2025). This Order imposes certain requirements and restrictions on plaintiffs' filings in "Schedule A" cases based on Judge Ruiz's experience with these types of cases and "[i]n the interests of judicial economy and due process." *See id.*

The next docket entry, one week later, is Plaintiff's April 15, 2025 Notice of Voluntary Dismissal. *See* Case no. 1:25-cv-21099-RAR at [DE 11] (April 15, 2025). The following day, April 16, 2025, Judge Ruiz entered an Order of Dismissal, closing the case. *See* Case no. 1:25-cv-21099-RAR at [DE 12] (April 16, 2025).

Two (2) days later, on April 18, 2025, attorney Salomon on behalf of Plaintiff Crimpit filed a case against in the United States District Court for the Southern District of Florida, this time in the Fort Lauderdale Division, against The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A. This case was given Case No. 0:25-cv-60756 and was randomly assigned to the undersigned. *See* [DE 1] (April 18, 2025). The Complaint appears identical to the Complaint in the Judge Ruiz action that was voluntarily dismissed 2 days prior in Case no. 1:25-cv-21099-RAR.  The Civil Cover Sheet attached to the Complaint checks the box for "Original Proceeding" and leaves blank Section VIII, which requires the filing attorney to state the judge and case number for any related cases. *See* Case no. 0:25-cv-60756-WPD at [DE 1-3].

On April 21, 2025, Plaintiff filed a Motion to File Under Seal, seeking to seal Schedule A to Plaintiff's Complaint, which identifies the Defendants to the action. *See* Case no. 0:25-cv-60756-WPD at [DE 6] (April 21, 2025). The undersigned granted the Motion, and Plaintiff filed under seal Schedule A, which listed the same identical 102 Defendants as in Case no. 1:25-cv-

21099-RAR, from Doe. No. 1 Dongguan Charm Star Houseware&Gift Co., Ltd to Doe No. 102 Zcmowue. *See* Case no. 0:25-cv-60756-WPD at [DE 6] (April 21, 2025).

Based on the foregoing, what appears to have happened here is that Plaintiff voluntarily dismissed Case no. 1:25-cv-21099-RAR in reaction to Judge Ruiz's Omnibus Order Regarding Schedule "A" Causes of Action, which Plaintiff and its counsel found to be unfavorable to them, only to refile the identical case against the identical 102 Defendants two days later, in a different division of the Southern District of Florida, in hopes of circumventing Judge Ruiz's requirements by landing a different judge in the court's random assignment process. Given the timing of the filing of the voluntary dismissal of Case no. 1:25-cv-21099-RAR and the refiling of the identical case two days later, it appears that Plaintiff and its counsel are engaging in judge shopping, a sanctionable offense. *See, e.g., Boe v. Marshall*, 767 F. Supp. 3d 1226, 1274 (M.D. Ala. 2025) (listing "[v]oluntarily dismissing and then refiling a case" as one of the many examples of "judge-shopping tactics").

While Fed. R. Civ. P. 41(a)(1) affords plaintiffs with a procedural right to dismiss a case without conditions, without the court's approval, and without defendants' consent prior to the filing of an answer or summary judgment motion, that Rule does not afford plaintiffs the right to abuse the rule by engaging in impermissible judge shopping,

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. On or before **September 18, 2025**, attorney Salomon on behalf of Plaintiff Crimpit shall respond to this Order, showing cause why sanctions should not be imposed against them for attempting to manipulate the Court's random assignment process by voluntarily dismissing Case no. 1:25-cv-21099-RAR and filing the identical complaint against the same 102 Defendants two days later.

2. Failure to timely respond to this Order to Show Cause may result in **SANCTIONS,** including but not limited to dismissal of this action.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 8th day of September, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record