UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-60756-WPD

CRIMPIT GROUP LTD.,

    Plaintiff,

  v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

    Defendants.

_____/

## RESPONSE TO ORDER TO SHOW CAUSE

The undersigned, Leigh Salomon, counsel for Plaintiff, CRIMPIT GROUP LTD. ("Plaintiff" or "CRIMPIT"), hereby responds to this Court's September 9, 2025 Order to Show Cause Why Sanctions Should Not Be Imposed for Using Rule 41(A)(1) to Engage in Impermissible Judge-Shopping (the "Order to Show Cause") [DE 44], and states as follows:

1.    As the Court noted, undersigned counsel previously filed a case in this Judicial District on Plaintiff's behalf and with Plaintiff's authority against the same Defendants identified on the Schedule A filed hereto. *Compare Crimpit Group Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No. 1:25-cv-21099 at [DE 1] (March 10, 2025), [DE 8] (March 25, 2025) *with CRIMPIT GROUP LTD. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No. 0:25-cv-60756 at [DE 1] (April 18, 2025), [DE 8] (April 23, 2025); *see also* Order to Show Cause at pp. 1–2.

2. The undersigned subsequently filed a Notice of Voluntary Dismissal for the previously filed case, and received an Order entering the same ("Order of Dismissal"), in response to the Omnibus Order Regarding Schedule "A" Causes of Action ("Omnibus Order"). *See* Case No. 1:25-cv-21099 at [DE 10] (April 8, 2025), [DE 11] (April 15, 2025), [DE 12] (April 16, 2025); *see also* Order to Show Cause at p. 2.

3. The undersigned counsel misunderstood the Omnibus Order entered in Case No. 1:25-cv-21099. The referenced administrative closure of the case and requirement to refile the operative complaint and any motions not in compliance with the Omnibus Order was regrettably mistaken as an indication that the case should be dismissed and refiled in its entirety. *See* Case No. 1:25-cv-21099 at [DE 10], pp. 4–5, ¶ 3 (April 8, 2025). The Order of Dismissal appeared to have affirmed that indication when it was duly entered without issue in response to Plaintiff's Notice of Voluntary Dismissal. *See* Case No. 1:25-cv-21099 at [DE 12] (April 16, 2025) ("**ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED** *without prejudice*.") (emphasis in original).

4. The undersigned did not subsequently list any previously filed case on Section VIII to the Civil Cover Sheet attached to the Complaint for Case No. 0:25-cv-60756 owing to confusion over the requirements of this section of the Civil Cover Sheet. The Clerk of the Court has previously indicated to the undersigned that defendants dismissed from a prior case are no longer related to said case. Consequently, the absence of indicating a related case—which caused the current case to be randomly assigned to this Court—was intended to avoid judge-shopping and not steer the new case toward any specific judge. The case was filed in the Court's Fort Lauderdale Division rather than the Miami Division, moreover, for consistency with the undersigned's general

practice of alternating between both Divisions for undertaken cases (when personal jurisdiction permits), ensuring roughly equal opportunity for judges of either Division to hear said cases.

5. To ensure strict compliance with all future orders in this case, the following protocols are in place:

   a. This matter will continue to have a case manager assigned to it.

   b. The case manager will continue to be responsible for tracking and calendaring all deadlines and developments.

   c. An additional lawyer has been assigned to review all orders and calendar entries to ensure they are properly docketed, distributed, and understood.

   d. In the event any future action is directed by the Court, in addition to the attorney handling the relevant task, another attorney will review each direction to confirm that the required action is understood and that there are no questions as to what action is required.

6. WHEREFORE, Plaintiff's undersigned counsel respectfully submits that sanctions are not warranted as the present action was not filed for the purpose of judge-shopping, but rather in diligent pursuit of Plaintiff's claims. There was no intention to manipulate the case assignment process, only a desire to advance Plaintiff's rights in good faith and consistent with the governing rules. The undersigned counsel apologizes for any misunderstanding and respectfully requests the Court consider that there was no ill will in refiling the prior case, that the undersigned counsel had not previously—and will not subsequently—refile a case with an identical Schedule A absent explicit leave, and that the present filing has not prejudiced the Defendants, delayed proceedings, or otherwise impaired the efficient administration of justice.

Dated: September 17, 2025            Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

<u>*/s/ Leigh Salomon*</u>
Leigh Salomon (FL Bar No. 1054106)
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Tel: (305) 357-8450
lsalomon@bsfllp.com

*Attorney for Plaintiff CRIMPIT GROUP LTD.*