UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-60756-WPD

CRIMPIT GROUP LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

    Defendants.
_____/

## SANCTIONS FOR USING RULE 41(A)(1) TO ENGAGE IN IMPERMISSIBLE JUDGE-SHOPPING

THIS CAUSE is before the Court *sua sponte*.

The Court has considered Plaintiff's September 17, 2025 Response [DE-45] and held a hearing on September 23, 2025.

On March 10, 2025, attorney Leigh Salomon ("Salomon") on behalf of Plaintiff Crimpit Group Ltd. ("Plaintiff" or "Crimpit") filed a case against in the United States District Court for the Southern District of Florida, Miami Division, against The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A. This case was given Case No. 1:25-cv-21099 and was randomly assigned to Judge Rudolfo Ruiz. *See* Case no. 1:25-cv-21099-RAR at [DE 1] (March 10, 2025).

On March 12, 2025, Plaintiff filed a Motion to File Under Seal, seeking to seal Schedule A to Plaintiff's Complaint, which identifies the Defendants to the action. *See* Case no. 1:25-cv-21099-RAR at [DE 6] (March 10, 2025). Judge Ruiz granted the Motion, and Plaintiff filed under seal Schedule A, which listed 102 Defendants, from Doe. No. 1 Dongguan Charm Star

Houseware&Gift Co., Ltd to Doe No. 102 Zcmowue. *See* Case no. 1:25-cv-21099-RAR at [DE's 7-9].

On April 8, 2025, Judge Ruiz *sua sponte* entered an Omnibus Order Regarding Schedule "A" Causes of Action. *See* Case no. 1:25-cv-21099-RAR at [DE 10] (April 8, 2025). This Order imposes certain requirements and restrictions on plaintiffs' filings in "Schedule A" cases based on Judge Ruiz's experience with these types of cases and "[i]n the interests of judicial economy and due process." *See id.*

The next docket entry, one week later, is Plaintiff's April 15, 2025 Notice of Voluntary Dismissal. *See* Case no. 1:25-cv-21099-RAR at [DE 11] (April 15, 2025). The following day, April 16, 2025, Judge Ruiz entered an Order of Dismissal, closing the case. *See* Case no. 1:25-cv-21099-RAR at [DE 12] (April 16, 2025).

Two (2) days later, on April 18, 2025, attorney Salomon on behalf of Plaintiff Crimpit filed a case against in the United States District Court for the Southern District of Florida, this time in the Fort Lauderdale Division, against The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A. This case was given Case No. 0:25-cv-60756 and was randomly assigned to the undersigned. *See* [DE 1] (April 18, 2025). The Complaint appears identical to the Complaint in the Judge Ruiz action that was voluntarily dismissed 2 days prior in Case no. 1:25-cv-21099-RAR.  The Civil Cover Sheet attached to the Complaint checks the box for "Original Proceeding" and leaves blank Section VIII, which requires the filing attorney to state the judge and case number for any related cases. *See* Case no. 0:25-cv-60756-WPD at [DE 1-3].

On April 21, 2025, Plaintiff filed a Motion to File Under Seal, seeking to seal Schedule A to Plaintiff's Complaint, which identifies the Defendants to the action. *See* Case no. 0:25-cv-

60756-WPD at [DE 6] (April 21, 2025). The undersigned granted the Motion, and Plaintiff filed

under seal Schedule A, which listed the same identical 102 Defendants as in Case no. 1:25-cv-

21099-RAR, from Doe. No. 1 Dongguan Charm Star Houseware&Gift Co., Ltd to Doe No. 102

Zcmowue. *See* Case no. 0:25-cv-60756-WPD at [DE 6] (April 21, 2025).

Based on the foregoing, the Court entered an Order to Show Cause Why Sanctions

Should Not be Imposed for Using Rule 41(A)(1) to Engage in Impermissible Judge Shopping.

*See* [DE 44]. The Order to Show Cause stated, in part:

> [W]hat appears to have happened here is that Plaintiff voluntarily dismissed Case
> no. 1:25-cv-21099-RAR in reaction to Judge Ruiz's Omnibus Order Regarding
> Schedule "A" Causes of Action, which Plaintiff and its counsel found to be
> unfavorable to them, only to refile the identical case against the identical 102
> Defendants two days later, in a different division of the Southern District of
> Florida, in hopes of circumventing Judge Ruiz's requirements by landing a
> different judge in the court's random assignment process. Given the timing of the
> filing of the voluntary dismissal of Case no. 1:25-cv-21099-RAR and the refiling
> of the identical case two days later, it appears that Plaintiff and its counsel are
> engaging in judge shopping, a sanctionable offense. *See, e.g., Boe v. Marshall*,
> 767 F. Supp. 3d 1226, 1274 (M.D. Ala. 2025) (listing "[v]oluntarily dismissing
> and then refiling a case" as one of the many examples of "judge-shopping
> tactics").
>       While Fed. R. Civ. P. 41(a)(1) affords plaintiffs with a procedural right to
> dismiss a case without conditions, without the court's approval, and without
> defendants' consent prior to the filing of an answer or summary judgment motion,
> that Rule does not afford plaintiffs the right to abuse the rule by engaging in
> impermissible judge shopping,

*See* [DE 44] at p. 3.

Accordingly, the Court ordered that, "[o]n or before September 18, 2025, attorney

Salomon on behalf of Plaintiff Crimpit shall respond to this Order, showing cause why sanctions

should not be imposed against them for attempting to manipulate the Court's random assignment

process by voluntarily dismissing Case no. 1:25-cv-21099-RAR and filing the identical

complaint against the same 102 Defendants two days later." *See* [DE 44].

On September 17, 2025, Leigh Salomon filed a Response to Order to Show Cause. *See* [DE 45]. Therein, Mr. Salomon acknowledges that Plaintiff filed a Notice of Voluntary Dismissal of the identical case to the instant action in response to Judge Ruiz's Omnibus Order Regarding Schedule "A" Causes of Action. *See* [DE 45] at ¶¶1-2. However, Mr. Salomon took the position that Judge Ruiz's language in his Omnibus Order that "This case is **CLOSED** for administrative purposes only, without prejudice to Plaintiff to refile any motions in compliance with the terms of this Order. Further, to the extent the operative Complaint is not in compliance with the terms of this Order, Plaintiff shall promptly file an Amended Complaint…. Once all Defendants are properly served, any party may motion to re-open the case and restore it to the active docket," *see* at [DE 10] at ¶¶3-4, required Plaintiff to voluntarily dismiss his case in front of Judge Ruiz and simultaneously file the identical complaint as a new case in a different division of this district to be randomly assigned to a different judge. *See* [DE 45] at ¶¶3-4. Mr. Salomon also took the position that he did not subsequently list any previously filed case on Section VIII to the Civil Cover Sheet attached to the newly filed complaint "owing to confusion over the requirements of this section of the Civil Cover Sheet," rather than in an attempt to avoid transfer of the case back to Judge Ruiz, as should have and would have occurred. *See* [DE 45] at ¶4.

Mr. Salomon's position in his Response to Order to Show Cause seems to have been modified at the hearing held on September 23, 2025, to one of negligence. There is no reasonable reading of Judge Ruiz's Omnibus Order that would allow for the interpretation set forth in his Response. Judge Ruiz's Omnibus Order obviously grants Plaintiff leave to amend its Complaint, not to voluntarily dismiss the Complaint and immediately refile the identical Complaint in a

different division[1] to be randomly reassigned to a different judge. Accordingly, the Court finds that, by voluntarily dismissing Case no. 25-cv-21099-RAR in response to Judge Ruiz's Omnibus Order, and filing the identical complaint against the same 102 Defendants two days later, Plaintiff's counsel was attempting to manipulate the Court's random assignment process in hopes of circumventing Judge Ruiz's requirements by landing a different judge for the newly filed identical complaint.

The Court notes that three days after this Court entered the order to show cause, Salomon refiled a related case in a different division before Judge Bloom (25-24171- Bloom) without indicating that it was related to one that he voluntarily dismissed before Judge Singhal on September 4, 2025 (25-61563-Singhal).

Thus, the Court finds that Plaintiff's counsel abused Fed. R. Civ. P. 41(a)(1) to engage in judge shopping, a sanctionable offense. Based on the conduct described herein, the Court nevertheless finds that dismissal with prejudice is not an appropriate sanction. *See, Warner v. Tinder,* 675 Fed Appx 945, 947 (11th Cir. 2017); *Monjitas v. Cubano,* 341 F. Supp 2d 69, 71 (D. P.R. 2004). Lesser sanctions will suffice, given, Solomon's remorse and lack of litigation experience.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court accepts Solomon's self-imposed sanctions and adopts them. [DE-45, ¶ 5(a-d)].  Additionally, Solomon is sanctioned a fine of $1,000 and must submit proof of payment to the Clerk's office by September 30, 2025.  Failure to do so or any further judge-shopping activity in other cases should result in more severe sanctions.

---

[1] The Court accepts Mr. Louis's explanation of the firm's general policy of spreading out cases and filing them in different divisions.

2.  Upon receipt of this Order, Plaintiff and its counsel shall provide a copy of this Order to all 102 Defendants in this case and file a Notice of Compliance in the record stating the date and manner of service.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 23rd day of September, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record